1  Kent Khtikian, Esq. (#99843)
   Kimberly A. Hancock Esq. (#205567)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California 94133-2930
   Telephone: (415) 834-1778
4  Facsimile: (415 834-1842

5  Attorney for Plaintiffs

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  TRUSTEES OF THE BRICKLAYERS LOCAL NO.        )  CASE NO.
    3 PENSION TRUST; TRUSTEES OF THE             )  (Labor)
12  BRICKLAYERS LOCAL NO. 3 HEALTH AND           )
    WELFARE TRUST; TRUSTEES OF THE               )  COMPLAINT
13  BRICKLAYERS AND ALLIED CRAFTS LOCAL          )  FOR BREACH OF
    NO. 3 APPRENTICE TRAINING TRUST;             )  BARGAINING AGREEMENT;
14  INTERNATIONAL UNION OF                       )  RECOVERY OF DELINQUENT
    BRICKLAYERS AND ALLIED CRAFTWORKERS          )  WAGE & FRINGE BENEFIT
15  AFL-CIO, LOCAL UNION NO. 3, on behalf        )  CONTRIBUTIONS;
    of itself and as agent for                   )  CONTRACTOR'S LICENSE
16  its members; TRUSTEES OF THE                 )  BOND
    INTERNATIONAL UNION OF BRICKLAYERS AND       )
17  ALLIED CRAFTSMEN PENSION FUND,               )
                                                 )
18         Plaintiffs,                           )
                                                 )
19  vs.                                          )
                                                 )
20  STRAIGHT LINE CAULKING & WATERPROOFING,      )
    INC., a California corporation; LINCOLN GENERAL )
21  INSURANCE COMPANY, a Pennslyvania corporation. )
                                                 )
22         Defendants.                           )
    _____)
23
           Plaintiffs, and each of them, complain against the above-named defendants and allege as
24
    follows:
25
                                      I
26                         FIRST CLAIM FOR RELIEF
                           (Delinquent Contributions)
27                         (29 U.S.C. Section 1145)
               (As to Straight Line Caulking & Waterproofing, Inc.)
28
       1.  This is an action to collect unpaid contributions to multiemployer benefit plans

COMPLAINT

1 | pursuant to the terms of each plan, its respective trust agreement and a collective bargaining

2 | agreement. Jurisdiction of this action is conferred on this Court by the provisions of the

3 | Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e),

4 | and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of

5 | 28 U.S.C. Section 1331(a).

6 | 2. This District is the appropriate venue for this action, pursuant to 29 U.S.C. Section

7 | 1132(e)(2), as all of the plans are administered in this District and the breach took place in this

8 | District.

9 | 3. Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED

10 | CRAFTWORKERS, AFL-CIO, LOCAL NO. 3, an affiliate of the International Union Of

11 | Bricklayers And Allied Craftworkers, AFL-CIO, hereinafter the "Union", is and at all times

12 | material herein was a labor organization and the collective bargaining representative for persons

13 | who are engaged, by defendants as masons in the construction industry in Northern California.

14 | As such the Union is a employee organization representing employees in an industry affecting

15 | commerce, within the meaning of Section 301 of the LMRA, the definitions contained in

16 | Sections 2(5), and 501(1) and (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29

17 | U.S.C. Sections 1002(4) and 1003. The Union maintains its principal office for such purpose in

18 | Oakland, California.

19 | 4. The Union brings this action on behalf of itself and as agent for and assignee of its

20 | members, all of whom were employed by Straight Line Caulking & Waterproofing, Inc., to

21 | perform work under the collective bargaining agreement described in paragraphs 8, 9, 14 and 19

22 | through 21 of this complaint.

23 | 5. Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST

24 | (hereinafter "Pension Fund"), TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH

25 | AND WELFARE TRUST (hereinafter "Welfare Fund"), TRUSTEES OF THE BRICKLAYERS

26 | AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST (hereinafter

27 | "Apprentice Fund") and TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS

28 | AND ALLIED CRAFTSMEN PENSION FUND (hereinafter "International Pension Fund"), are

1  trustees and fiduciaries of multiemployer employee benefit plans pursuant to ERISA, 29 U.S.C.

2  Sections 1002(3) and (37) and 1132(d)(1). The Pension Fund, Welfare Fund and Apprentice

3  Fund each has its office in San Francisco, California.

4      6. The Union brings this action on behalf of itself and as agent for it members and

5  assignors Gabriel Mendoza, Manuel Valle and other individuals whose identity is not currently

6  known to plaintiffs, hereinafter referred to as "Mason Employees". The Mason Employees were

7  employed by defendant Straight Line Caulking & Waterproofing, Inc., to perform work under the

8  collective bargaining agreement described in paragraphs 8, 9, 14 and 19 through 21 of this

9  complaint.

10     7. Defendant STRAIGHT LINE CAULKING & WATERPROOFING, INC.,

11  (hereinafter "Straight Line") is and at all material times herein was a California corporation with

12  its principal office and place of business in Santa Clara County, California.  At all times material

13  herein, Straight Line has engaged in the construction industry in California and as such has been

14  an employer engaged in an industry or activity affecting commerce within the meaning of 29

15  U.S.C. Sections 1002(5) and 1003, Section 301 of the LMRA, and of the definitions contained in

16  Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections 152(2), 142(1) & (3)).

17     8. At all times material herein, the Union has been party to a written collective

18  bargaining agreement with Straight Line which agreement requires that Straight Line pay various

19  wages and fringe benefits to its employees.  Pursuant to the terms of the collective bargaining

20  agreement, Straight Line agreed to be bound by the terms and conditions of each of the trust

21  agreements under and in accordance with which each of the Funds was established and is

22  maintained.

23     9. The collective bargaining agreement and the trust agreements all require Straight Line

24  to report in writing each month to the administrator of the Funds the total number of hours

25  worked by any person employed by Straight Line to perform work within the jurisdiction of the

26  collective bargaining agreement (hereinafter referred to as the "remittance reports").  The

27  collective bargaining agreement and the trust agreements all require Straight Line to submit those

28  monthly remittance reports together with the payments indicated by those reports to the

1    administrator of the Funds by the 15th day of the calendar month first following the calendar

2    month in which the hours were worked. The collective bargaining agreement

3        10. Straight Line has failed to pay the required fringe benefit contributions to the Funds,

4    and the required vacation and dues check-off payments (hereinafter "wages") to the Mason

5    Employees and the Union, for work performed from June 1, 2007 to the present by Mason

6    Employees performing work under the Agreement.

7        11. Straight Line has submitted to plaintiffs reports of unpaid wages and fringe benefits

8    for work performed from June 1, 2007 through November 30, 2007. Those reports show a total

9    amount due for unpaid wages and fringe benefits of at least $19,533.75.

10        12. The total wages and fringe benefits known by plaintiffs to be due to plaintiffs from

11    Straight Line and unpaid as of this time, for work performed from June 1, 2007 through the

12    present is at least $19,533.75.

13        13. Demand has been made for payment, but Straight Line has refused and continues to

14    refuse to pay the sum owed for work performed from June 1, 2007 through the present.

15        14. Pursuant to the Trust Agreements, the collective bargaining agreement and by statute

16    (ERISA section 502(g)(2)(B)), if payments are not made, or if remittance reports are not

17    submitted in a timely manner, Straight Line is required to pay liquidated damages equal to the

18    greater of one hundred dollars ($100.00) or ten percent (10%) of the unpaid monthly

19    contributions if the principal amount is paid within 30 days of the due date and twenty percent

20    (20%) of the unpaid monthly contributions if they are paid more than 30 days after the due date.

21    Straight Line has failed to pay the full 20% liquidated damages on delinquent payments made to

22    the trusts for hours worked from September 1, 2006 through May 31, 2007, and has paid no

23    liquidated damages on delinquent payments due to the trusts for hours worked from June 1, 2007

24    through the present. This liquidated damage amount is owed on all hourly fringe benefits accrued

25    to the present, in an amount of at least $8,980.74. In addition, under the terms of ERISA (section

26    502(g)(2)), the trust agreements and Article XIII of the Collective Bargaining Agreement,

27    plaintiffs are entitled to attorney's fees, auditor's fees, interest and collection costs on any

28    delinquency described in this complaint.

1        15.  Plaintiffs are entitled to unpaid fringe benefits due the Pension Fund, the

2   International Pension Fund, the Welfare Fund and the Apprentice Fund for hours worked to the

3   present in an amount in excess of $19,533.75, plus interest thereon from January 15, 2008, plus

4   plaintiff's attorney's fees and costs, plus the greater of liquidated damages in excess of $8,980.74

5   or interest, plus penalties, pursuant to 29 U.S.C. Section 1132(g)(2), Labor Code Sections 201,

6   203, 218.5 and 218.6, all according to proof.

7                                         **II**
                          **SECOND CLAIM FOR RELIEF**
8                              **(Breach of Contract)**
                            **(29 U.S.C. Section 185)**
9                              (As to Straight Line)

10       16.  Plaintiffs reallege and incorporate herein by reference each and every allegation set

11  forth in paragraphs 1 through 15, inclusive, of this complaint as though fully set forth at this

12  point.

13       17.  This is an action to enforce a collective bargaining agreement pursuant to 29 U.S.C.

14  Section 185.  Jurisdiction of this action is also conferred on this Court by the provisions of 28

15  U.S.C. Section 1331(a).

16       18.  The Union and the persons on whose behalf the Union brings this action have duly

17  performed all conditions of the agreement on their part to be performed.

18       19.  Article XIII, Section 1.C, of the collective bargaining agreement states:

19           "Each monthly contribution to the Trusts shall be made promptly and is due on or
         before the fifteenth (15th) day of the calendar month following the month such hours are
20       worked.  If not paid in full by the fifteenth (15th) day of the month, the contribution will
         be delinquent and subject to liquidated damages."
21
         20.  Article XIII, Section 1.C of the collective bargaining agreement further provides that
22
    should Straight Line fail to submit reports or make the required payments by the agreed date,
23
    Straight Line shall be liable for liquidated damages.  In relevant part, the collective bargaining
24
    agreement states:
25
             "The employer and the Union recognize and acknowledge that the regular and
26       prompt payment of employer contributions and report forms is essential to the
         maintenance of the Trusts, and it would be extremely difficult, if not impractical, to fix
27       the actual expense and damage to the Trusts which would result from failure of any
         employer to such monthly contributions and furnish contribution forms within the time
28       provided.  Therefore, the amount of damages to the Trusts resulting from any such failure
         shall be presumed to be the sum of one hundred dollars ($100.00) or ten percent (10%) of

all contributions due, whichever is greater.  If the delinquency persists over thirty (30) days, the charge will be twenty percent (20%) of the amount due."

21.  Article XIII, Section 1.B of the collective bargaining agreement states that in the event it is necessary for the Union or the Trusts to file an action to recover contributions or liquidated damages, the Union and the Trusts are entitled to recover, in addition to the above-described liquidated damages, interest at the legal rate, all costs of suit and reasonable attorney's fees incurred in enforcing this obligation.  The plaintiffs have incurred attorney's fees and costs in an attempt to recover the delinquent wage and fringe benefit payments.

22.  Defendant Straight Line breached the collective bargaining agreement by refusing or failing: (i) to pay fringe benefits and wages in excess of $19,533.75 (ii) to pay fringe benefits and wages when due; (iii) to pay liquidated damages in excess of $8,980.74 and interest on late payments of fringe benefits as agreed; and (iv) to pay attorney's fees and other collection costs, all to the detriment of Plaintiffs.

23.  As a consequence of the above-described breach, Plaintiffs are entitled to damages in an amount equal to the wages and fringe benefit payments required by the agreement in an amount in excess of $19,533.75, interest thereon from the original date of each late payment, liquidated damages in excess of $8,980.74, penalties, attorney's fees and costs according to proof pursuant to the collective bargaining agreement, the trust agreements incorporated therein to which Straight Line has agreed to be bound, California Civil Code section 3287, and California Labor Code sections 201, 203, 218.5 and 218.6.

III
**THIRD CLAIM FOR RELIEF**
**Action on Contractor's License Bond**
**(California Business & Professions Code §§ 7071.11 et. seq.)**
(As to Surety Company Of The Pacific)

24. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 23 of this complaint as though fully set forth at this point.

25. This is an action pursuant to California Business and Professions Code section 7071.11 to recover unpaid wages from sureties on contractors' bonds.

26. Defendant, LINCOLN GENERAL INSURANCE COMPANY, (hereinafter

1  "Lincoln") is a Pennsylvania corporation doing business throughout California. Lincoln is

2  engaged in the insurance and surety business and issues contractor's license bonds in California.

3      27. Pursuant to California Business and Professions Code section 7071.6, Straight Line

4  obtained a contractor's bond underwritten by Lincoln. The bond underwritten by Surety

5  Company was designated as bond number 661113356 and in effect from January 1, 2007 to the

6  present (hereinafter referred to as the "Lincoln Bond").

7      28. The Lincoln Bond indemnifies persons employed by Straight Line for the failure by

8  Straight Line to pay wages due for work performed during the effective period of the bonds.

9      29. During the period from June 1, 2007 to the present Straight Line failed to pay its

10  employees full wages and fringe benefits as required by the collective bargaining agreement.

11  Straight Line did not pay wages and fringe benefits totaling at least $19,533.75, according to

12  proof, for work performed during that period. Said sum is due from defendant Surety Company.

13      30. Demand has been made for payment, but Straight Line has refused and continues to

14  refuse to pay the sums owed.

15                                   **PRAYER**

16  WHEREFORE, Plaintiffs pray for judgment as follows:

17  **I. On the First Claim for Relief**:

18  For judgment against defendant Straight Line:

19      (a) in the principal amount in excess of $19,533.75, plus interest thereon at the legal rate

20  from the original due dates commencing January 15, 2008 until paid;

21      (b) plus plaintiffs' attorney's fees and costs;

22      (c) plus the greater of liquidated damages of at least $8,980.74, calculated at 20% of the

23  principal amount or interest;

24   all according to proof, pursuant to the agreement between plaintiffs and defendants, 29 U.S.C.

25  Section 1132(g)(2), Labor Code Section 218.5 and any other statute so providing.

26  **II. On the Second Claim for Relief:**

27  For judgment against defendant Straight Line:

28      (a) in the principal amount in excess of $19,533.75, plus interest thereon at the legal rate

1  from the original due dates commencing January 15, 2008 until paid;

2          (b) plus plaintiffs' attorney's fees and costs;

3          (c) plus the greater of liquidated damages of at least $8,980.74, calculated at 20% of the

4  principal amount or interest;

5          all according to proof, pursuant to the agreement between plaintiffs and defendants, 29

6  U.S.C. Section 1132(g)(2), Labor Code Section 218.5 and any other statute so providing; and,

7  For penalties against defendant James Leon Straight Line pursuant to California Labor Code

8  Section 203.

9  **III. On the Third Claim for Relief:**

10  For judgment against defendant Lincoln General Insurance Company:

11          (a) for unpaid wages in the amount of at least $19,533.75

12          (b) for plaintiffs' attorney's fees and costs, interest and penalties

13  pursuant to California Civil Code section 3287, California Labor Code section 218.5 and any

14  other statute so providing, all according to proof.

15  **IV. On Each and Every Claim for Relief:**

16  For such relief as the Court deems proper.

17          Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).

18

19

20  Dated: December 21, 2007

KIMBERLY A. HANCOCK
Attorney for Plaintiffs